MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
JESSICA L. MEYER (SBN: 249064)
jlmeyer@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7769
Facsimile: (619) 696-7124

Attorneys for Defendant
SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY AGUILA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTTSDALE INSURANCE COMPANY and DOES 1 to 20, inclusive,<br><br>Defendants. | CASE NO. 5:20-cv-00649-JGB-KKx<br><br>District Judge: Jesus G. Bernal<br>Magistrate Judge: Kenly Kiya Kato<br><br>**DEFENDANT'S OPPOSITION TO MOTION IN LIMINE NO. 1 OF PLAINTIFF HENRY AGUILA TO PRECLUDE MENTIONING THAT HE RESIGNED FROM THE STATE BAR AND/OR INSURANCE FRAUD**<br><br>Pre-trial conference: June 7, 2021<br>Time: 11:00 a.m.<br>Ctrm: 1<br><br>Complaint filed: January 3, 2020<br>Trial Date: June 22, 2021 |

Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant") hereby submits its Opposition to Plaintiff's Motion In Limine No. 1 to Preclude Defendant from "Mentioning that [Plaintiff] Resigned from the State Bar and/or Insurance Fraud."

## I. INTRODUCTION

Aguila's Motion in Limine No. 1 seeks to preclude Scottsdale from introducing evidence that Plaintiff Henry Aguila ("Aguila" or "Plaintiff") surrendered his license to practice law after his then-business partner turned him into the California State Bar for submitting a false insurance claim. Aguila surrendered his law license with the State Bar's charges pending against him. Plaintiff seeks to keep this evidence out at trial on the grounds it constitutes inadmissible character evidence and is not relevant to this dispute. Aguila is wrong on both points.

First, Aguila submitted the *same* evidence (*i.e.*, that he resigned his law license) in opposition to Scottsdale's pending motion for summary judgment. In fact, Aguila himself now contends that his prior legal experience and prolific litigation history with insurers – and with Scottsdale specifically – caused Scottsdale to retaliate against him in connection with the company's investigation and adjustment of the subject vandalism claim. (*See* Declaration of Henry Aguila ("Aguila Dec.") [Dkt No. 30-2] at ¶27.) Having opened the door to this evidence – and in fact relying on his claims and litigation history with insurers – Aguila cannot now preclude Scottsdale from introducing the same evidence at trial.

Next, Aguila's prior legal career, insurance claims experience and his prolific in pro per litigation against insurance companies (and others) speaks not to whether his current insurance claim is fraudulent but to his motivations with respect to his claims against Scottsdale. It also contradicts the alleged emotional distress Aguila purports to have suffered by way of his interactions with Scottsdale in the context of this matter.

/ / /

The subject evidence is relevant to Scottsdale's defense against Aguila's damages claims and is admissible for purposes other than character evidence (*i.e.,* witness credibility). Aguila's Motion in Limine No. 1 should be denied.

## II. ARGUMENT

Evidence of specific acts is "not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ...." *Id*.

California Evidence Code section 1101(b) is instructive and provides in pertinent part:

> Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident,…) other than his or her disposition to commit such an act.

As set forth below, Scottsdale does not seek to introduce evidence of the insurance fraud charges and Aguila's decision to relinquish his law license to show Aguila's disposition to file fraudulent claims but rather in defense to the bad faith allegations Aguila has asserted against Scottsdale. Because Scottsdale seeks to offer the evidence for admissible purposes, Aguila's Motion In Limine No. 1 should be denied.

### A. Aguila Has Opened the Door to the Evidence and Put His Prior Insurance Claims and Litigation Experience at Issue

In opposition to Scottsdale's motion for summary judgment, Aguila submitted a declaration in which he states that "[i]n 1988 I surrendered my law license" and contends that Scottsdale was retaliating against him for his prior litigation against Scottsdale as a basis for his bad faith claim. (Aguila Decl. [Dkt. No. 30-2], at ¶27.) Not only has Aguila submitted evidence of his resignation from the California State Bar, but he has also asserted (unfounded) allegations against Scottsdale directly

related to his prior insurance claims and litigation history.

While Scottsdale disputes Aguila's entitlement to introduce his new bad faith theory of liability at trial (*See* Scottsdale's Motion in Limine No. 2 [Dkt. No. 42]), to the extent the Court allows Aguila to submit such theories, Aguila may not both rely on his past conduct and also request the Court bar Scottsdale from addressing the same evidence. Aguila has put into evidence the same information he now asks the Court to preclude. Aguila's motion should be denied.

### B. Aguila's Prior Legal Career, the California State Bar's Insurance Fraud Charges and His Relinquishment of His Law License Are Relevant to Scottsdale's Defenses

Scottsdale does not offer the evidence of Aguila's training as a lawyer, the nature of the California State Bar's charges against him, his decision to relinquish his law license, and his subsequent filing of numerous lawsuits, many of them against insurers, to establish that Aguila submitted a fraudulent insurance claim. Instead, Scottsdale will offer the evidence at trial to rebut Aguila's contentions that Scottsdale somehow took advantage of him, caused him emotional distress, or, to the extent Aguila is permitted to introduce his new bad faith theory, to defend against the (unfounded) allegations that Scottsdale retaliated against Aguila based on his past insurance claims and litigation history. *See e.g., Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 774–775 (7th Cir. 2001) (holding that car dealer's offer of proof to show that the plaintiff was a litigious person, and "had a campaign against car dealership" by filing discrimination lawsuits was not admissible to show that the plaintiff had bad character, but may have been admissible to demonstrate the intent of the plaintiff to file frivolous lawsuits); *see also*, 3 Jones on Evidence § 17:81 (7th ed.)(Evidence of Plaintiff's Prior Litigiousness)("When the number, frequency and other details of plaintiff's prior law suits fairly support the inference that he or she is a 'frequent filer' for profit, evidence relating to those prior suits should be admitted even in the absence of hard evidence that the prior suits were fraudulent.").

/ / /

Although Plaintiff contends that the admission of such evidence is prejudicial to Aguila, where the evidence bears on issues that are key to the primary issues to be litigated, it may not be excluded based on prejudice. *See Kelly v. New West Fed. Sav.*, 49 Cal.App.4th 659, 674 (1996) ("Nor can the trial court exclude evidence which is directly relevant to the primary issues of the litigation because the evidence is prejudicial to the opponent.").

### C. The Evidence of Other Lawsuits Is Relevant to the Issue of Overlapping Damages Alleged in Other Bad Faith Claims/Lawsuits

Plaintiff alleges that Scottsdale's bad faith in failing to pay his claimed policy benefits and to pay off the alleged lien on the Property "caused severe emotion distress on Plaintiff." (Complaint, ¶ 16.) He claims that Scottsdale's misconduct resulted in "financial hardship faced by Plaintiff and the recorded mechanics lien" that allegedly "forced" Plaintiff "to rent the Property instead of selling the newly refurbished Property in order to generate necessary cash flow to satisfy Plaintiff's mortgage payments."

Plaintiff, however, currently is involved in several lawsuits in which he seeks recovery from insurance companies for unpaid coverage benefits and alleged bad faith claims handling conduct. Thus, whether it was the improper conduct of this particular insurer (*i.e.* Scottsdale) that allegedly caused him financial problems and emotional distress or another insurer or different type of defendant all together, such evidence is relevant to potentially overlapping damages, and therefore, is properly admitted. *See, Scoma v. City of New York,* 2021 WL 1784385, at *8 (E.D.N.Y. May 4, 2021) (Finding that prior lawsuit was directly relevant and admissible because the injuries and potential damages allegedly sustained by the plaintiff overlapped in both cases, and explaining that "the jury should be entitled to consider that plaintiff allegedly suffered an injury to his left elbow from a prior incident and sought compensation for that injury." *Id.* citing to *Brewer v. Jones*, 222 Fed. Appx. 69, 70-71 (2d Cir. 2007) (summary order) (evidence of previous lawsuit filed by plaintiff,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

while inadmissible to show litigious tendencies, was properly admitted to show a possible cause of plaintiff's injuries unrelated to the defendant; because defense used this evidence properly, lack of a limiting instruction was not an abuse of discretion).

Moreover, Scottsdale should be permitted to introduce conflicting evidence provided by Plaintiff in any of the other lawsuits for impeachment purposes. *See Jean-Laurent v. Hennessy*, 840 F.Supp.2d 529, 543 (E.D.N.Y. 2011) ("To the extent that plaintiff testifies at trial that he suffered emotional damages as a result of the June 11, 2002 strip search, defendants may introduce limited deposition testimony given by plaintiff in [a previous lawsuit] as a prior inconsistent statement as to causation under Federal Rule of Evidence 801(d)(1)(A).").

### D. Plaintiff's Surrender of His Law License Is Relevant to Plaintiff's Credibility

Scottsdale should also be permitted to introduce evidence of Plaintiff's decision to surrender his law license rather than defend the California State Bar's charges against him because it bears on his credibility.

Rule 611(b) of the Federal Rules of Evidence provides that cross examination can extend to "matters affecting the credibility of the witness." Rule 608(b) of the Federal Rules of Evidence provides that:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness....

*See also United States v. Sperling*, 726 F.2d 69 (2d Cir.), *cert. denied*, 467 U.S. 1243, 104 S.Ct. 3516, 82 L.Ed.2d 824 (1984) (proper under Rule 608(b) to cross-examine defendant regarding false credit card applications to show a general lack of credibility). "Rule 608(b)'s bar on extrinsic evidence relating to credibility is not absolute: where the prior acts are not denied by the witness, evidence relating to them may be introduced." *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D.

455, 462 (S.D.N.Y.1988); *accord, United States v. Zandi*, 769 F.2d 229, 236 (4th Cir.1985); *Carter v. Hewitt*, 617 F.2d 961, 970 (3d Cir.1980).

Here, Aguila does not deny that the California State Bar demanded that he surrender his license to practice law as a result of the then-pending disciplinary charges against him relating to an insurance fraud claim. Given the gravamen of Aguila's claims against Scottsdale (*i.e.* a dispute regarding Aguila's alleged entitlement to additional insurance policy benefits) coupled with the undisputed evidence that Aguila demanded reimbursement from Scottsdale for lost rental income on a property he no longer owned and failed to inform Scottsdale of this fact, Scottsdale is entitled to cross examination Aguila regarding the California State Bar's disciplinary proceedings since it plainly relates to "matters affecting the credibility of the witness." Fed. R. Evid. 611(b). Plaintiff's motion to exclude this evidence should be denied.

## III. CONCLUSION

For all the reasons set forth above, evidence of Aguila's prior career as an attorney, his decision to relinquish his law license in light of the California State Bar pending charges against him related to alleged insurance fraud, and his subsequent history of filing various lawsuits against various defendants, including several insurers, is relevant and admissible in this bad faith action. Aguila's Motion in Limine No. 1 should be denied.

Dated: May 17, 2021      GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Michelle R. Bernard*
Michelle R. Bernard (SBN: 144582)
Jessica L. Meyer (SBN: 249064)
Attorneys for Defendant
SCOTTSDALE INSURANCE COMPANY