Julie N. Nong (SBN 208013)
NT Law
2600 W. Olive Ave., 5th Fl., #647
Burbank, CA 91505
Tel:  888.588.0428
Fax:  888.588.0427
E-mail:  julienong@ntlawgroup.com

Attorneys for Plaintiff
HENRY AGUILA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY AGUILLA, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY and DOES 1 to 20, inclusive,<br><br>　　　　Defendants. | Case No. 5:20-cv-00649-JGB-KKx<br><br>District Judge: Jesus G. Bernal<br>Magistrate Judge: Kenly Kiya Kato<br><br>**PLAINTIFF HENRY AGUILA'S REPLY TO DEFENDANT'S SCOTTSDALE'S OPPOSITION TO MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE AND THEREBY MODIFYING THE SCHEDULING ORDER AND/OR TO CONTINUE TRIAL DATE TO THIRTY DAYS**<br><br>Date:  June 7, 2021<br>Time:  9:00 a.m.<br>Ctrm:  1<br><br>Trial Date:  June 22, 2021<br>Complaint filed:  January 3, 2020 |

## I. SCOTTSDALE SERVED ITS SUPPLEMENTAL EXPERT OPINION ON THE LAST DAY OF DISCOVERY CUT-OFF

Conspicuously missing from Scottsdale's opposition is the fact that Scottsdale served its supplemental expert report on March 17, 2021, the day of the discovery cut-off, yet Scottsdale provided not authority to support its position that expert deposition could not be conducted if a supplemental report is provided. Nor could Scottsdale provide authorities to support its position that Aguila must notice the deposition of Paul Hamilton first before he could take his deposition when he provided his supplemental report. Scottsdale's argument that because Aguila's breach of contract and bad faith lacks merits and therefore he should be denied discovery of Scottsdale's expert is disingenuous and has no place in the context of discovery and which argument is not the within the purpose of the discovery statutes[1].

## II. SCOTTSDALE MUST PROVIDE ITS EXPERT FOR DEPOSITION

*Federal Rule of Civil Procedure* Rule 26(b)(4)(A) states,

> (4) Trial Preparation: Experts.
>   (A) Deposition of an Expert Who May Testify. A Party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the *deposition may be conducted* only after the report is provided.

*See* FRCP 26(b)(4)(A) (emphasis added.) The policy which prompted amendment to Rule 26(b)(4) of the Federal Rules of Civil Procedure to allow more liberal discovery of potential expert testimony was not merely for convenience of the court and the parties, but was intended to make the task of the trier of fact more manageable by means of an orderly presentation of complex issues of fact. "Mutual knowledge of all

---

[1] Notes of Advisory Committee on Rules-1946 Amendment states in part: "Subdivision (b). The amendments to subdivision (b) make clear the broad scope of examination and that it may cover not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of such evidence. The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. *Engl v. Aetna Life Ins. Co.* (C.C.A.2d, 1943) 139 F.(2d) 469; *Mahler v. Pennsylvania R. Co.* (E.D.N.Y. 1945) 8 Fed.Rules Serv. 33.351, Case 1. *See* Rule 26, 1946 Amendment Note.

the relevant facts gathered by both parties is essential to proper litigation." *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 456 (2nd Cir. 1975), citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). Thus, by Scottsdale serving a written report on March 17, 2021, Scottsdale must submit its expert for deposition as requested pursuant to FRCP 26(b)(4)(A) and its refusal to do so is not in good faith, depriving Aguila the opportunity to learn of all the relevant facts essential to the litigation of this case. Further, there cannot be any prejudice to Scottsdale if it served a last minute report which requires that it submits its expert to deposition pursuant to FRCP 26(b)(4)(A).

### III. CONCLUSION

Aguila submits that the deposition of Paul Hamilton is within the statutory framework of expert discovery. Further, Scottsdale could not cite any authority that expert's whose report was disclosed on the day of discovery cut-off cannot be deposed. On the contrary, FRCP 26(b)(4)(A) provides for the taking of deposition of an expert after the report is provided. Thus, for the forgoing reasons and the grounds cited in his moving papers, Aguila respectfully requests that the Court grant his motion to reopen discovery for the limited purpose of taking the deposition of Scottsdale's expert, Paul Hamilton.

Dated: June 1, 2021                    NT Law

/s/Julie N. Nong
_____
Julie N. Nong
Attorneys for Plaintiff Henry Aguila